# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOHNNIE B. DENNIS,**

    **Petitioner,**

**v.**                           Case No: 6:17-cv-1458-Orl-18KRS

**RITA PRITCHETT,**

    **Respondent.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **August 7, 2017** |

Plaintiff, Johnnie B. Dennis, proceeding *pro se*, filed a petition against Defendant, Rita Pritchett, who, Dennis alleges, is a county Commissioner in Brevard County, Florida. Dennis seeks to have Pritchett removed from office for violation of "Local Government Code Sec. 87.013(2)," because she has not taken actions requested by residents of her district. Doc. No. 1. Dennis seeks to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1

(11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants — prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject-matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject-matter jurisdiction, even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Federal courts are courts of limited jurisdiction. In federal courts, subject matter jurisdiction can be found under either federal question jurisdiction, where the case "arises under the Constitution, laws, or treaties of the United States," or diversity jurisdiction, where the amount in controversy exceeds $75,000 and the parties are citizens of different states. *See* 28 U.S.C. §§ 1331, 1332. In the complaint, Dennis does not allege that Pritchett has violated the United States Constitution or any laws or treaties of the United States. Therefore, the complaint is insufficient to show that this Court may exercise federal question jurisdiction.

Dennis does not allege his residence or the residence of the Defendant, but it appears that both of them reside in Florida. Dennis also does not allege an amount in controversy. Therefore, the Court could not exercise diversity jurisdiction in this case.

Accordingly, I recommend that Dennis's complaint be dismissed for lack of subject-matter jurisdiction.

Ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted. *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002). However, because Dennis specifically proceeds under a Local Government Code Sec. 87.013(2) over which this Court does not have jurisdiction, it does not appear that Dennis could allege a non-frivolous claim within this Court's jurisdiction. Therefore, I do not recommend that the Court provide Dennis with leave to amend the complaint.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** the complaint for lack of subject-matter jurisdiction and **DIRECT** the Clerk of Court to terminate the motion to proceed *in forma pauperis* (Doc. No. 2) and, thereafter, to close the file.

**Notice to the Parties**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on August 9, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy